UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RODERICK BLACK,                     :
                                    :
         Plaintiff,                 :   Civ. No. 18-15388 (NLH)(KMW)
                                    :
    v.                              :   MEMORANDUM ORDER
                                    :
UNITED STATES OF AMERICA,           :
et al.,                             :
                                    :
         Defendants.                :
_____ :

It appearing that:

1. Plaintiff Roderick Black, a prisoner currently confined at the Federal Correctional Institution at Fairton in Fairton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). ECF No. 1.

2. When he initially submitted his complaint, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2). Specifically, Plaintiff did not submit a certified six month account statement. See ECF No. 1-2.

3. Thereafter, this Court entered an order requiring Petitioner to submit the filing fee or a complete in forma pauperis application within 45 days. ECF Nos. 3, 4.

4. On November 21, 2018, Plaintiff submitted a complete in forma pauperis application. ECF No. 5.

5. In his affidavit of indigence, Plaintiff states that he is employed at FCI Fairton and receives $100 to $170 a month. ECF No. 5 at 2. In addition, Petitioner's certified account statement provides for an available balance of $6,883.98. Id. at 11.

6. As stated by the Court in its previous Opinion, the Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.

7. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

8. The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner

who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If in forma pauperis status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

9. Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

10. In this action, Petitioner has a monthly income of $100 to $170 and approximately $6,883.98 in his prison account. This indicates that Plaintiff had the financial means to pay the filing fee. In Shahin v. Sec. of Delaware, 532 F. App'x 123, 124 (3d Cir. 2013), the Court of Appeals for the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit

reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'"  Id.

11.  Here, Plaintiff's income exceeds the $95 a month threshold established in Shahin, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison.  Furthermore, Plaintiff has ample funds in his prison account to pay the filing fee, such that requiring the payment of the filing fee "would not deprive [him] of the 'necessities of life.'"  532 F. App'x at 124.  As such, leave to proceed in forma pauperis will be denied.

IT IS THEREFORE on this   11th   day of December, 2018,

ORDERED that Plaintiff's request to proceed in forma pauperis is hereby DENIED; and it is further

ORDERED that the Clerk shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a

complaint is submitted to the clerk before the statute runs."); it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee - the $350 filing fee plus the $50 administrative fee; it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

At Camden, New Jersey

 s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.