**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RODERICK BLACK,** | No. 18-cv-15388 (NLH) (KMW) |
| **Plaintiff,** | |
| v. | OPINION |
| **UNITED STATES OF AMERICA, et al.,** | |
| **Defendants.** | |

APPEARANCE:
Roderick Black
28287-054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Roderick Black, a federal prisoner presently incarcerated in FCI Fairton, New Jersey, seeks to bring a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint

1

with prejudice for failure to state a claim. The Court denies Plaintiff's motion for the appointment of counsel. ECF No. 8.

I. BACKGROUND

According to the complaint, Plaintiff was arrested on January 24, 1994 and charged with violating 21 U.S.C. § 848; 21 U.S.C. § 841(a)(i), (iii); 18 U.S.C. § 922(g); and 7 U.S.C. § 2024. ECF No. 1 at 5. See also United States v. Roderick Black, No. 2:94-cr-00015-FL-9 (E.D.N.C. Jan. 20, 1994). He was convicted on September 2, 1994 and sentenced to life imprisonment on December 19, 1994. ECF No. 1 at 5. The United States Court of Appeals for the Fourth Circuit affirmed. Id.; see also United States v. Black, 97 F.3d 1449 (4th Cir. 1996).

Plaintiff alleges the Assistant United States Attorney who prosecuted the case, defendant Christine B. Hamilton, defrauded him because she was not a member of the North Carolina bar. ECF No. 1 at 10. He seeks $60,000,000,000 in damages. Id.

II. STANDARD OF REVIEW

Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1)-(2). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff seeks redress from an employee of the United States.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges Ms. Hamilton committed fraud because she was not a member of the North Carolina bar at the time she prosecuted Plaintiff's criminal case. He invokes this Court's jurisdiction under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which created an implied cause of action based on a violation of the Fourth Amendment by federal officers.

3

In _Ziglar v. Abbasi_, the Supreme Court concluded "that expanding the _Bivens_ remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017). It held that federal courts should exercise caution before extending the remedy to claims that are meaningfully different than "the three _Bivens_ claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." _Id._ at 1860 (citing _Bivens_, 403 U.S. 388; _Davis v. Passman_, 442 U.S. 228 (1979); _Carlson v. Green_, 446 U.S. 14 (1980)). "These three cases — _Bivens_, _Davis_, and _Carlson_ — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." _Ziglar_, 137 S. Ct. at 1855.

"_Ziglar_ created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass. First, federal courts must determine whether the cause of action presents a 'new context' for _Bivens_ cases." _Alexander v. Ortiz_, No. 15-6981, 2018 WL 1399302, at *4 (D.N.J. Mar. 20, 2018). "The proper test for determining whether a case presents a new _Bivens_ context is as follows. If the case is different in a meaningful way from previous _Bivens_ cases decided by this Court, then the context is new." _Ziglar_, 137 S. Ct. at 1859.

4

Plaintiff alleges the Assistant U.S. Attorney who prosecuted his criminal case was not licensed by the state encompassing the district in which he was convicted. He does not indicate which provision of the Constitution was allegedly violated, but the Court infers he alleges violations of his due process and fair trial rights.

"[N]o federal court has ever recognized [the right to be prosecuted by a licensed attorney] under the due process clause of the fourteenth amendment." Munoz v. Keane, 777 F. Supp. 282, 285 (S.D.N.Y. 1991), aff'd sub nom. Linares v. Senkowski, 964 F.2d 1295 (2d Cir. 1992); see also Swann v. United States, No. 1:06CR443, 2013 WL 12394629, at *14 (M.D.N.C. July 26, 2013) ("No case of which the Court is aware has held that there is a federal constitutional right to a properly licensed prosecutor."), report and recommendation adopted, No. 1:06CR443-1, 2013 WL 12394628 (M.D.N.C. Sept. 30, 2013); Hamilton v. Roehrich, 628 F. Supp. 2d 1033, 1054 (D. Minn. 2009) ("[] Hamilton does not have a constitutional right to be prosecuted by a licensed attorney. Hamilton has not offered any legal support for such a constitutional right, nor has our independent research disclosed any.").[1]  The case cited by Plaintiff, United

---

[1] At least one state supreme court has found such a right under the state constitution. People v. Munson, 150 N.E. 280 (Ill. 1925).

5

States v. Ferrara, 847 F. Supp. 964, 969–70 (D.D.C. 1993), concerns the ability of a state disciplinary board to discipline federal attorneys admitted to their bars.

Assuming arguendo such a right did exist, such a claim has never been recognized by the Supreme Court as a basis for Bivens liability; therefore, Plaintiff's complaint presents a new context under Ziglar. The Court must now consider whether alternative remedies exist for Plaintiff's claim. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Ziglar, 137 S. Ct. at 1858.

Here, Plaintiff has alternative remedies available to him. Documents attached to his complaint indicates he filed an ethics complaint in the Third Circuit, an ethics complaint with the Commonwealth of Pennsylvania, and a motion under Federal Rule of Civil Procedure 60(b) in the Eastern District of North Carolina. ECF No. 1-1. "[T]his is not a case like Bivens or Davis in which 'it is damages or nothing.'" Ziglar, 137 S. Ct. at 1862. Although Plaintiff may not have received the relief he requested, filing ethics grievances or moving for relief in his § 2255 proceedings were available remedies. "And when alternative methods of relief are available, a Bivens remedy usually is not." Id. at 1863.

Finally, the Court must consider whether there are special factors counselling against extending the Bivens remedy to the new cause of action. "The Supreme Court did not define the phrase 'special factors counselling hesitation.' 'The necessary inference, though, is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Alexander v. Ortiz, No. 15-6981, 2018 WL 1399302, at *7 (D.N.J. Mar. 20, 2018) (quoting Ziglar, 137 S. Ct. at 1857-58).

Plaintiff seeks to hold an attorney[2] not licensed in North Carolina liable for prosecuting him in North Carolina. The Court is concerned about the potential encroachment on the executive branch's ability to prosecute its cases by deciding which attorney may prosecute a given case, as well as the finality of completed criminal actions. Creating Bivens liability in cases with these facts could potentially undermine congressional intent by permitting prisoners to challenge the validity of their convictions outside of the statutorily prescribed method set forth in 28 U.S.C. § 2255 and § 2244. In order to avoid damage awards, Department of Justice attorneys would have to relocate and only prosecute cases in the states

---

[2] The United States is immune from Bivens claims. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

7

where they are barred.  The potential of damages awards for past prosecutions would be large.  The Court finds the "potentially enormous financial burden for the Federal Government" to be a special factor counselling hesitation.  F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens to federal agencies based in part on potential financial burden).

Moreover, such a cause of action would interfere with the rights of federal judges to determine the qualifications of the lawyers who appear in their courts.  In federal courts all over the country, criminal defense lawyers are allowed to enter an appearance to represent a defendant even if they are not barred in the state where the district sits so long as they are barred and in good standing in at least one state.  There is no reason why the same rule should not apply to federal prosecutors who also appear in federal courts and are not in their barred state so long as they are assigned by the Attorney General, his or her surrogate, or a United States Attorney.

Having reviewed Plaintiff's claims under the Ziglar framework, the Court concludes that it would be inappropriate to extend the Bivens remedy.  The complaint will therefore be dismissed for failure to state a claim.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or

futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court finds that amendment would be futile because Plaintiff cannot remedy the deficiency in his complaint: that Ziglar prohibits extending Bivens to cover his allegations. Leave to amend will be denied.

Plaintiff also moves for the appointment of counsel. ECF No. 8. Appointment of counsel is a privilege, not a statutory or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). "As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law." Cuevas v. United States, 422 F. App'x 142, 144 (3d Cir. 2011). The Court has found that the complaint cannot proceed under Ziglar. The motion is denied.

IV. CONCLUSION

For the reasons stated above, the motion for the appointment of counsel will be denied. The complaint will be dismissed with prejudice for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

An appropriate order follows.

Dated: __January 31, 2020         __s/ Noel L. Hillman____
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.