UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODERICK BLACK,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 18-cv-15388 (NLH) (KMW)<br><br>OPINION |

APPEARANCE:

Roderick Black
28287-054
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Roderick Black, a federal prisoner presently incarcerated in FCI Fairton, New Jersey, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See ECF No. 1.  The Court dismissed the complaint with prejudice on January 31, 2020 for failing to state a claim under 28 U.S.C. § 1915A.  ECF No. 10.

    Plaintiff now moves to amend his complaint and to "make additional findings of fact."  ECF No. 11.  For the reasons set forth below, the Court denies the motion.

1

I.   BACKGROUND

According to the complaint, Plaintiff was arrested on January 24, 1994 and charged with violating 21 U.S.C. § 848; 21 U.S.C. § 841(a)(i), (iii); 18 U.S.C. § 922(g); and 7 U.S.C. § 2024.  ECF No. 1 at 5.  See also United States v. Roderick Black, No. 2:94-cr-00015-FL-9 (E.D.N.C. Jan. 20, 1994).  He was convicted on September 2, 1994 and sentenced to life imprisonment on December 19, 1994.  ECF No. 1 at 5.  The United States Court of Appeals for the Fourth Circuit affirmed.  Id.; see also United States v. Black, 97 F.3d 1449 (4th Cir. 1996).

Plaintiff alleged the Assistant United States Attorney who prosecuted the case, defendant Christine B. Hamilton, defrauded him because she was not a member of the North Carolina bar.  ECF No. 1 at 10.  The Court dismissed the complaint because no federal court had recognized a right to be prosecuted by a licensed attorney under the due process clause of the Fourteenth Amendment, and there were separation of powers concerns in extending the Bivens remedy to a new cause of action.  ECF No. 9 at 5-8 (citing Ziglar v. Abbasi, 137 S. Ct. 1843 (2017)).  The Court dismissed the complaint with prejudice because Plaintiff could not remedy the deficiency by amending his complaint.  Id. at 9.

Plaintiff filed a motion to make additional findings or, alternatively, to alter or amend the judgment on February 26,

2020. ECF No. 11. He states that he "has now become aware that because Bivens actions are generally regarded as similar to [42 U.S.C. §] 1983 complaints and that the courts have held that a 1983 complaint erroneously filed against federal officials should be filed as a Federal Question Action." Id. at 1-2. "Plaintiff is now requesting that his complaint be construed as a Federal Question Civil Right Action against Ms. Hamilton, who is a federal employee." Id. at 2. "Plaintiff requests that this Honorable Court construe his erroneously filed Bivens complaint as a Federal Question Action and make additional findings . . . ." Id. at 3.

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A.

3

Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

III. DISCUSSION

Plaintiff asks the Court to alter or amend the judgment and permit the complaint to proceed because his claim should be considered federal question jurisdiction under 28 U.S.C. § 1331 and not under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Court construes this argument as asserting the Court should alter or amend the judgment in order to correct an error of law.

Section 1983 of Title 42 "entitles an injured person to money damages if a state official violates his or her constitutional rights." Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). However, "[s]ection 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)). Likewise, Bivens is not a source of substantive rights; it is a remedy. To say something is a

4

Bivens claim is simply to identify the method by which a plaintiff seeks relief from violations of federal rights by federal employees.

"Bivens acknowledged that Congress had never provided for a private right of action against federal officers . . . . Nonetheless, relying largely on earlier decisions implying private damages actions into federal statutes, . . . we found an implied damages remedy available under the Fourth Amendment." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66–67 (2001) (citing Bivens, 403 U.S. at 396-97, 402-03) (internal citations omitted).  The Supreme Court noted that its "authority to imply a new constitutional tort, not expressly authorized by statute, is anchored in our general jurisdiction to decide all cases 'arising under the Constitution, laws, or treaties of the United States.'"  Id. at 66 (quoting 28 U.S.C. § 1331).

Put differently, the Bivens claim previously adjudicated was already grounded in the courts' federal question jurisdiction.  Attempting, as Plaintiff does, to recast it as federal question claim rather than as a Bivens claim makes no difference to its viability.  They are one and the same. Therefore, the Court denies Plaintiff's motion to alter or amend the judgment or to make additional findings.

5

IV.  CONCLUSION

For the reasons stated above, the motion to alter or amend the judgment will be denied.

An appropriate order follows.

Dated: September 30, 2020          __s/ Noel L. Hillman____
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.